UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cr-00174-TWP-MJD |
| ) | |
| MICHAEL A. HIERS, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING SECOND REQUEST
FOR EARLY TERMINATION OF SUPERVISED RELEASE**

This matter is before the Court on Defendant Michael A. Hiers' ("Hiers") *pro se* second request for early termination of his supervised release (Dkt. 96). Hiers seeks early termination in order to "save the government funds in supervising one that has proven he does not need supervision" and allow him "to explore other opportunities for a more successful future." *Id*. He also wants to "live life, take vacations and see the world. " *Id*.

On April 19, 2022, the Government filed a Response in opposition to the request (Dkt. 98). In support of its opposition, the Government cites Hiers' extensive, long-running criminal history, which includes a history of violence, substance abuse, and anger control issues. *Id*. at 10. The Government points out that Hiers' criminal offense level was 25 and his criminal history points rated as a category IV. *Id*. at 3. The sentencing guideline range for an offense level 25 and criminal history category IV is 84 to 105 months imprisonment. The Court sentenced Hiers to the minimum advisory guideline term of 84 months imprisonment, followed by 3 years of supervised release. The Government argues the twenty months that Hiers has served of the 3-year supervised release term imposed does not reflect the seriousness of his offense. *Id*. Considering the circumstances surrounding this offense, and the factors under Title 18 U.S.C. § 3583(a), the

Government contends the full term of supervised release ordered is necessary to reflect the seriousness of Hiers' crime and to better ensure that the public is protected. *Id*.

Pursuant to 18 U.S.C. § 3583, a court may grant early termination of supervised release at any time after the expiration of one year if, after considering certain factors set forth in 18 U.S.C. §3553, it finds that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §3583(e)(1). The defendant has the burden of demonstrating early termination is appropriate, and must show that he has done exceptionally well, or that complying with the terms of supervised release poses an undue hardship. *United States v. White*, 2012WL5198364, at *2, (E.D.Wis. Oct. 19, 2012)(citing cases)).

Because Hiers was sentenced to imprisonment at the low end of the guideline range, the Court intentionally imposed the maximum term of supervised release – three years. Upon consideration of the §3553 (a) factors, the Court determines that early termination of supervision is not warranted. As argued by the Government, Hiers' violent criminal history, association with white supremacists and history of being a polysubstance abuser all lend credence to the fact that leaving his term of supervised release undisturbed benefits both Hiers and society as a whole. The 3 year term of supervised release acts as a deterrent to others who might try to do similar things, addresses the seriousness of the offense and avoids unwarranted sentencing disparities.

In addition, Hiers has not shown that the terms of his supervised release pose an undue hardship. He desires early termination so that he can "live life, take vacations and see the world." Although he must wait until his supervision is terminated before he can see the world, with permission of the Court and/or his probation officer, Hiers might be granted permission to take a vacation and he can petition for a modification if there are conditions which restrict his

employment opportunities. The Court commends Hiers on remaining compliant with the conditions of his release, maintaining a stable residence and employment, and consistently testing negative for illegal substances and the Court encourages him to continue with the positive steps he has taken to adjust to life outside of prison. However, the Court believes that early termination of his supervised release is not in the interest of justice. Hiers' second Motion for early termination of his supervised release (Dkt. 96) is **DENIED**.

    **SO ORDERED.**

Date:  5/3/2022

                                                  Hon. Tanya Walton Pratt, Chief Judge
                                                  United States District Court
                                                  Southern District of Indiana

Distribution:

Gwendolyn M. Beitz
INDIANA FEDERAL COMMUNITY DEFENDERS
gwendolyn_beitz@fd.org

Sara Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov

Michael Hiers
12948 S. US 31
Lot 95
Kokomo, IN 46901